**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MISTI CARDENAS,

          Plaintiff,

  v.

CITY OF CRESCENT CITY, et al.,

          Defendants.
                                           /

No. C 08-4053 MHP

**MEMORANDUM & ORDER**

**Re: Defendants' Motions for Summary Judgment**

On August 25, 2008, plaintiff Misti Cardenas filed a civil rights action against the City of Crescent City (the "City"), the County of Del Norte and Justin Gill pursuant to 42 U.S.C. section 1983 alleging, *inter alia*, violations of her rights under the Fourth and Fourteenth Amendments to the United States Constitution. Cardenas asserts numerous claims, including false arrest, excessive force and municipality liability, all related to her April 2, 2008 arrest. Now before the court are defendants' motions for summary judgment. The court finds these motions suitable for decision without oral argument. Civil L.R. 7-1(b). Having considered the parties' submissions and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

Unless otherwise noted, the following facts are taken from Cardenas' deposition. *See generally* Docket No. 62 (Galipo Dec.), Exh. A (Cardenas Depo.).

Cardenas has mitral valve prolapse, a heart condition that causes her heart to beat irregularly and quickly. On April 2, 2008, Cardenas went to a grocery store. Upon acquiring groceries and leaving the store, Cardenas felt dizzy so she sat down on a curb near a movie theater.

Officer Justin Gill was dispatched to Crescent City Cinemas "for a report of an intoxicated female." Docket No. 57 (Exhibits), Exh. B (Gill Dec.) ¶ 4. According to Cardenas, Gill made contact with her when she was sitting on the sidewalk. Gill claims that Cardenas was having a hard time keeping her balance and that he smelled alcohol on her person and breath. *Id.* ¶ 5. Cardenas' medical records, however, state that a "complete blood count and the chemistry panel were essentially unremarkable. A urine toxicology screen was negative. A blood alcohol screening was essentially negative." Docket No. 52 (Mitchell Dec.), Exh. D (Croy Depo.) at Exhibit A.

Gill arrested Cardenas for public intoxication. Gill Dec. ¶ 6. Cardenas claims that prior to her arrest, Gill used profanity, kicked her back, threw her to the ground and hogtied her by handcuffing her, tying her feet together and then binding her hands and feet together. Meanwhile, Cardenas kept telling Gill that something was medically wrong with her and repeatedly asked him for help. She claims her back was injured by the officers, and that immediately after the incident, she had bruises and cuts all over her body.

Cardenas' son, Nicholas, witnessed his mother hogtied in the back of the police car. *See generally* Galipo Dec., Exh. C (Nicholas Depo.). Nicholas watched his mother in the police car for about thirty seconds, and stated that she was shaking the entire time that he was watching her. Nicholas then ran home and immediately told his father, Carlos Cardenas. Thereafter, Mr. Cardenas and his son went to the Del Norte county jail.

Upon plaintiff's arrival at the jail, she was shaking, and was unable to stand or walk and could barely talk. She was pushed into a restraint chair and claims to have been restrained for thirty minutes while she foamed at the mouth. Mr. Cardenas and Nicholas claim to have witnessed these events. *See generally* Galipo Dec., Exh. B (Mr. Cardenas Depo.). Mr. Cardenas asked the officers to call an ambulance because his wife was sick, but was told that if he continued to look through the booking window at the jail, he would be arrested.

At the jail, Gill determined that plaintiff's purse, which she had with her when she was arrested, contained prescription medication. All prescriptions had been refilled the day before, April 1, 2008, and many pills appeared to have already been consumed. Gill Dec ¶ 10. Specifically, the

2

prescription for Carisoprodol—a muscle relaxant—was refilled with 60 pills the day before and had only 45 pills remaining. *Id.* Upon discovering the prescription medication, and in light of Cardenas' worsening condition, Gill summoned an ambulance. *Id.* ¶ 11.

According to medical personnel, en route to the hospital, Cardenas admitted that she had drunk a couple of beers that morning. Docket Nos. 58 & 59 (Ayers Dec.), Exh. 3 (Worden Depo.). The medical professionals at the hospital opined that Cardenas was severely intoxicated. Docket No. 55 (Mitry Dec.), Exh. 1 (Cory Depo.). Hospital personnel also claim that Cardenas admitted that she could not remember anything from the time when she was feeling dizzy at the grocery store until she woke up at the hospital. *Id.*; *see also id.*, Exh. 4 (Kimble depo.).

At the time of the incident, Cardenas was on probation for the crime of "wet/reckless." As a result of her arrest on April 2, 2008, Cardenas was charged with being under the influence and a petition was filed for modification of her probation by the District Attorney's office. Galipo Dec., Exh. E (Petition) ¶ 2; *see also* Docket No. 57-1 (Micks Dec.). On January 21, 2009, Cardenas entered a guilty plea to the petition. Micks Dec. ¶¶ 3–5 & Exhs. 1–2.

LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see generally Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–55 (1986). A fact is "material" if it may affect the outcome of the proceedings, and an issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 248. The court may not make credibility determinations. *Id.* at 255. The moving party bears the burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and, by its own affidavits or

3

discovery, set forth specific facts showing that there is a genuine issue for trial. Fed R. Civ. P. 56(e); *see Anderson*, 477 U.S. at 250.

DISCUSSION

I.     <u>False arrest, imprisonment, detention and seizure</u>

This court must determine whether a judgment in plaintiff's favor on her false arrest, imprisonment, detention or seizure claims would necessarily imply the invalidity of her January 21, 2009 conviction or sentence related to her April 2, 2008 arrest.

An action based on 42 U.S.C. section 1983 is barred where its success "would necessarily imply the invalidity of Plaintiff's criminal conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Specifically, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

Cardenas claims that defendants have not produced sufficient evidence that as a result of her arrest on April 2, 2008, Cardenas was charged with, and pled guilty to, violating her probation by being under the influence. Defendants submitted an "Amended Petition for Modification of Probation" for case number 06-3606, which is a criminal complaint charging that on April 2, 2008, Cardenas "violated her probation by being under the influence." Petition ¶ 2. Defendants also submitted "Criminal Case Minutes," which refer to case number 06-3606 and state that Cardenas pled guilty "to all open charges in each case" and would turn herself in for a thirty-day jail term in satisfaction of the then-pending nine cases against her. *Id.*, Exh. F (Minutes). Moreover, the deputy district attorney that prosecuted Cardenas' probation violation, and who was present at the hearing, submitted a declaration stating that "[a]t the hearing, Misti Cardenas pled guilty to a Petition for Modification of Probation for violating her probation by being under the influence on April 2, 2008, as well as violating sections 148 and 647(f) of the Penal Code on August 29, 2008." Micks Dec. ¶ 3. The deputy district attorney specified that "[a]s part of Misti Cardenas' entry of plea and sentencing, she was to turn herself in on January 30, 2009, to serve jail time to satisfy all fines." *Id.* ¶ 4.

4

1    Cardenas argues that the defendants' evidence does not reveal the factual basis underlying
2 the charges and makes no reference to her consuming alcohol. She relies upon *Sanford v. Motts*, 258
3 F.3d 1117 (9th Cir. 2001), for the proposition that defendants must prove that the factual basis for
4 the criminal conviction is the same as the alleged civil rights violations. In *Sanford*, the plaintiff was
5 handcuffed after she interfered with her boyfriend's arrest, and alleged that while handcuffed, she
6 was punched in the face by an officer. The court held that plaintiff could maintain a civil action for
7 excessive force even if she is convicted of interfering with an officer because the officer's use of
8 excessive force subsequent to the time the plaintiff interfered with his duties would not invalidate
9 her conviction in the underlying criminal case. The *Sanford* court stated that: "Nothing in her
10 testimony identifies the act of which [plaintiff] was convicted as being a resistance to [the police
11 officers'] punch. Nothing in the record identifies the punch as an arrest. Nothing in the record
12 informs us what the factual basis was for [plaintiff's] plea of nolo." *Id.* at 1119. Here, however,
13 Cardenas pled guilty, and the criminal case minutes state that she pled guilty "to all open charges in
14 each case," one of which was that on April 2, 2008, Cardenas "violated her probation by being under
15 the influence." *See* Petition & Minutes. Defendants have thus presented the factual basis for
16 plaintiff's conviction for her April 2, 2008 parole violation—being under the influence.
17 Consequently, here, a successful claim under Section 1983 for false arrest, imprisonment, detention
18 or seizure would necessarily invalidate Cardenas' conviction for violating her probation on April 2,
19 2009.

20    To prevail on her Section 1983 claim for either false arrest and imprisonment, Cardenas
21 would have to demonstrate that there was no probable cause to arrest her. *See George v. City of*
22 *Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992). Officer Gill claims his observations of Cardenas
23 provided him with the probable cause necessary to arrest her for public intoxication. Gill Dec.
24 ¶¶ 5–6. On these facts, finding there was no probable cause would "necessarily imply" the
25 invalidation of Cardenas' conviction for violating her plea agreement by being under the influence
26 on April 2, 2008. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). Thus,
27 Cardenas' false arrest and imprisonment claims fail. The identical rationale applies to Cardenas'
28

5

illegal detention and seizure claims, which too must fail. *See Johnson v. Arndt*, 124 Fed. Appx. 514, 515 (9th Cir. 2005).

Cardenas suggests that her probation violation for being under the influence on April 2, 2008, is a lesser or different charge than public intoxication. This is of no significance as Cardenas is challenging her arrest and subsequent detention, both of which require probable cause, and prevailing on either would necessarily imply the invalidation of Cardenas' conviction for violating her plea agreement by being under the influence on April 2, 2008. The fact that Gill did not arrest Cardenas for a probation violation is irrelevant because Cardenas pled guilty to being under the influence and chose not to challenge the false arrest, imprisonment, detention or seizure at that time. Cardenas belatedly contends that Gill did not have probable cause to arrest her. This court is the wrong venue in which to address that issue. Cardenas may now challenge the validity of her arrest, prosecution and conviction only by writ of habeas corpus. *See Smithart*, 79 F.3d at 952. Cardenas needs to demonstrate that her conviction based on her probation violation has been invalidated prior to seeking Section 1983 relief in this court. *See Heck*, 512 U.S. at 486–87.

In sum, summary judgment is granted in favor of defendants regarding Cardenas' first and sixth causes of action, her claims for false arrest, imprisonment, detention and seizure. Since the *Heck* doctrine is dispositive, the court does not reach the qualified immunity and judicial estoppel issues.

II.  Municipal liability

Cardenas does not challenge the City's assertion that she cannot demonstrate municipal liability as specified in *Monell v. New York Dep't of Social Servs.*, 436 U.S. 648, 690–94 (1978). Thus, the City is granted summary judgment with respect Cardenas' second and fourth causes of action.

Cardenas did not file an opposition to the County of Del Norte's motion for summary judgment. Docket No. 51 (Motion). Consequently, summary judgment is granted in favor of the County, and it is dismissed from this action.

6

III.     Medical care

Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, this court applies the same standards. *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991).

To prevail on a Section 1983 claim for failure to provide medical care, a prisoner must prove that defendants' "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (delays may manifest deliberate indifference). An official may be held liable only if he acted with "deliberate indifference" to a substantial risk of serious harm. Mere negligence is not sufficient to establish liability. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Rather, the official's conduct must have been "wanton," which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official. *Wilson v. Seiter*, 501 U.S. 294, 302–03 (1994). To establish a claim for deliberate indifference arising from a *delay* in providing care, Cardenas must show the delay itself was harmful. *Berry v. Burnnell*, 39 F.3d 1056, 1057 (9th Cir. 1994) (failure to offer evidence that minor delays caused harm supports grant of directed verdict).

There is no dispute that Cardenas was provided medical care within an hour of being arrested. Cardenas, however, has presented evidence she was injured due to the time that elapsed between her arrest and the provision of medical care. Cardenas testified that during her contact with Gill she sought medical help on numerous occasions because something was medically wrong with her. She claims she was shaking, her mouth was dry and foaming, her eyes were rolled back and she was going in and out of consciousness. Based on these allegations, Cardenas claims that Gill's acts forced her to remain in pain and fear for her life while he failed to timely transport her to or summon the medical care she needed.

Defendants' only argument in support of summary judgment is that Cardenas has failed to meet her burden of production of evidence on harm. As discussed above, Cardenas has presented

7

her testimony that she suffered both emotional and physical harm due to the delay. Although summary judgment must be denied regarding Cardenas' third cause of action because she has presented evidence of harm, the court expresses no opinion on whether Cardenas can satisfy the other requirements necessary to establish liability due to delay in the provision of medical care.

IV. <u>Excessive force</u>

Claims of excessive force "are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 388 n.10 (1989). "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* at 396. "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (internal quotations omitted).

The nature and quality of the intrusion here is high. Cardenas testified that she repeatedly informed Gill that she was sick and requested that he call her an ambulance. Among other things, Gill is accused of throwing Cardenas to the ground, kicking her in the back and hogtying her. Gill denies any such occurrence. *See generally* Gill Dec. Cardenas also claims she was not armed, did not resist arrest or otherwise provoke the officer. Cardenas testimony, if believed by a jury, could demonstrate that she was injured or otherwise subjected to a large amount of physical intrusion by Gill.

The court next analyzes the countervailing governmental interests at stake. These include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. The governmental interests here are low because there is no evidence that Cardenas was violent, threatened the police or resisted arrest.

In sum, if a reasonable jury believes Cardenas, it could find that Gill's use of force was objectively unreasonable. There are genuine issues of material fact regarding the amount of force used by Gill against Cardenas, making this a classic jury question requiring credibility

8

determinations. Thus, defendants' motion for summary judgment regarding the excessive force claim is denied.

CONCLUSION

Defendants' motions for summary judgment are GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated: May 27, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

9